# EXHIBIT 11

## FINRA ARBITRATION DISPUTE RESOLUTION

DOUGLAS R. CARON,
Claimant

vs.

TD AMERITRADE,
Respondent,

Statement of Claim

## **NATURE OF THE CLAIM**

This matter was compelled to arbitration by the District Court of Whatcom County Washington State.

The Claimant alleges that the Respondent is willfully refusing to comply with their statutorily imposed duties described in the Part 5 UCC Revised Article 8: UCC 8-504; UCC 8-506; UCC 8-507; and UCC 8-508 and has deliberately misled the claimant as to why, and that the respondents conduct manner is inconsistent with the just and equitable principles of trade and is a breach of FINRA rule 2010.

## **RELIEF**

To register, in claimant's name, his 463,372 shares on the books of Bancorp International Group Inc. ("BCIT") which claimant is the beneficial owner of and cause to be delivered to claimant a BCIT stock certificate to evidence his ownership of those shares. Along with $6,282.25 in filing costs and legal expenses I have incurred in getting the respondents to comply

with these legal obligations that they have willfully refused to carry out and any such other relief as the court may deem just and proper.

## THE PARTIES

Claimant is a customer of Respondents

Respondent is a Broker-Dealer who maintains a principal place of business in Omaha N.E. with an office in Washington State where the Claimant resides.

## FACTS AND ALLEGATIONS

On May 11, June 6, 8, 15 and July 12, 2005 Claimant placed an online order with Respondent requesting that the respondent locate a seller and purchase 463,372 Bancorp International Group Inc. ("BCIT") shares of common stock in his securities account. Respondent removed funds from Claimant's account and credited his account with the purchase of 463,372 shares of BCIT. Respondent has said that they purchased the shares from Knight Securities and provided Claimant with written confirmation the trade cleared and settled. Settlement is when the respondent created the securities entitlement in the claimants account confirming legal title for those BCIT shares transferred from the seller to Claimant.

Respondent has provided Claimant monthly account statements since his purchase showing Claimant's BCIT ownership is held indirectly registered on the books of Respondent which means Claimant is the beneficial owner of the underlying BCIT shares.

Claimant is an "entitlement holder" with a "security entitlement" to the "financial assets" in a "securities account" maintained and managed by respondent for claimant's benefit in its capacity as a "securities intermediary." These and related terms are statutorily defined in Uniform Commercial Code (UCC) Revised Article 8 titled "Investment Securities".

On September 25, 2011 Claimant gave the Respondent an "entitlement order" (UCC 8-507) to leave the indirect holding system and to directly register his ownership of 463,372 BCIT shares (UCC 8-508). The respondent refused. EXHIBIT 1 (demand)

The respondent has told me that a DTC lock temporarily prohibits them in law from complying with my entitlement order to leave the indirect holding system and to be provided with a share certificate, under UCC 8-504 to 508.

This would be true if the DTC lock was a rule that had been approved and adopted by the SEC, however, this is not the case.

There are no documents or evidence to show that the DTC lock is a clearing rule or any kind of rule, regulation or statute passed by congress or promulgated under any federal securities law. The DTC lock has never been subject to the proper procedures as stipulated by the Administrative Procedure Act, published in the Federal Register etc. The Respondents have tried to mislead me into thinking that the DTC lock was a law, rule or regulation approved by the SEC which prohibited them in law from complying with my entitlement order. In actual fact the lock is not a law, rule or regulation and it is not even a DTC corporate rule, it is nothing more than an internal DTC procedure.

The Claimant alleges that the Respondent did not acquire my securities from the seller and knows that the DTC lock is not a law, rule or regulation which prevents the respondent from complying with their duties under UCC 8-504 to 508 nor is it a clearing rule for the purposes of UCC8-111. Misleading customers and failing to comply with an entitlement demand is a breach of SEC and FINRA rules and is conduct inconsistent with the just and equitable principles of trade and a violation of FINRA rule 2010.

## CONCLUSION

The DTC's global lock is not a law passed by congress and has never been approved or adopted by the SEC as a rule or regulation under any Federal securities law, and in fact the DTC lock is not even a DTC corporate rule it is a policy or procedure. As the DTC lock is not a rule, regulation or statute it

1. **Does NOT** prevent the respondents from giving the details of whether the seller delivered the securities and the details of the certificates the seller lodged with DTC

2. **Is NOT** a clearing rule pursuant to UCC8-111

3. **Does NOT** prohibit the respondents from complying with their duties under UCC8-504 to 508 as per the UCC 8-509

The respondents deliberately misrepresented the lock to the claimant to avoid their duties and this conduct is inconsistent with just and equitable principles of trade and is violation of FINRA rule 2010.

Claimant requests that the panel

1. Order respondent to comply with claimant's entitlement order to register, in claimant's name, his 463,372 shares on the books of Bancorp International Group Inc. ("BCIT") which he is the beneficial owner of and cause to be delivered to claimant a BCIT stock certificate to evidence his ownership of those shares;

2. Order respondent to reimburse for filing costs to cover the money I have invested and incurred to bring this case and getting the respondents to do what they should have done without me filing in court or with FINRA. The costs are: $2,687.25 court fees, FINRA fees, $1,875 in attorney fees, $1,000 for legal consultation, and $720.00 for four lost days of work to appear in court.

3. Any such other and further relief as the panel may deem just and proper.

October 14, 2014

Douglas R. Caron

Date: 09/25/11 7:07 PM Message available until 09/24/13.
My name is Douglas Caron
Customer number 182040717
On the below dates I purchased and still hold 463,372 Shares in BCIT from you.
Transaction numbers in my account.

```
06/15/2005 14:39:00    Bought 247750 BCIT @ 0.0055    -1,373.62   ---
06/06/2005 14:45:04    Bought 124500 BCIT @ 0.01      -1,255.99   ---
05/11/2005 14:48:23    Bought  30000 BCIT @ 0.017       -520.99   ---
06/06/2005 12:36:12    Bought  50000 BCIT @ 0.0095      -485.99   ---
05/11/2005 14:48:23    Bought  23470 BCIT @ 0.0165      -387.26   ---
06/08/2005 15:46:23    Bought  35822 BCIT @ 0.0078      -290.40   ---
07/12/2005 12:46:57    Bought   5300 BCIT @ 0.0026       -24.77   ---
```

In total I purchased and hold 463,372 shares at total cost of $4,148.62. On 20 th September 2011 Katherine H O'Neil of FINRA Dispute Resolution stated in Arbitration No 11-00018 that the global lock on August 16 2005 " .....means that the subject shares are not eligible for delivery, transfer or withdrawal by any person or entity."

The decision means that the global lock only applies to transactions on or after August 16 th 2005. It is not retrospective and is not a valid reason for you not to deliver certificates to me for the shares I purchased.
I insist that you arrange for the certificates to be delivered to me without further delay.
Thank you

Douglas Caron
Please respond to me at
Dcaron129@aol.com

On 09/26/11 11:12 AM Message Center Client Services wrote:

Mr. Caron,

Thank you for contacting us concerning a certificate for shares of BCIT in this account. The issuance of a certificate for shares held by a brokerage firm in street name to that of an individual requires re-registration. Any purchase, sale, or transfer also requires a re-registration. As long as the U.S. Depository Trust & Clearing Company (DTCC) maintains the global lock we are unable to submit shares for re-registration. The lock would not impact any request submitted before the lock was initiated. I am unable to locate a certificate request submitted before the lock on BCIT began on August 16, 2005.

Please contact us once BCIT has resolved any issues resulting in the DTCC lock and we will be glad to submit the request for you. Thank you for choosing TD Ameritrade.

Mark Cowan
Safekeeping and Restricted Stock, TDA

## SECTION 8: SUBMISSION AGREEMENT AND ELECTRONIC SIGNATURE
### FINRA Arbitration Submission Agreement

In the Matter of the Arbitration Between

Name(s) of Claimant(s)

Mr. Douglas R Caron

and

Name(s) of Respondent(s)

TD AMERITRADE, INC.

The undersigned parties ("parties") understand that an electronic signature below means that the party certifies that the information entered on the form is true and accurate, and that the party agrees to the terms of the following Submission Agreement.

The parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules. The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure.

The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s).

The parties agree to abide by and perform any award(s) rendered. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

### Electronic Signature

By entering your electronic signature below, you are one of the following: (1) the claimant; or (2) a person with legal authority to bind the claimant; or (3) a person with firsthand knowledge of the facts and actual or implied authority to act on behalf of the claimant; or (4) an attorney who has actual or implied written or verbal power of attorney from the claimant to sign on the claimant's behalf and thus, bind the claimant to the terms of the Submission Agreement as if the claimant signed the form personally.

Signatures

| Claimant | Signature | Capacity | Date |
| --- | --- | --- | --- |
| Mr. Douglas R Caron | /Douglas R. Caron DRC/ | individual | 10/14/2014 |

I certify that the information entered on the form is true and accurate, and agree to the terms of the Submission Agreement, whether submitted manually or electronically. If I electronically signed the form, I certify that I entered my signature personally.