UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOUGLAS R. CARON,

    *Plaintiff*,

v.

TD AMERITRADE, INC., et al.,

    *Defendants*.

1:19-cv-09015-AJN-GWG

# THE DTCC DEFENDANTS' OPPOSITION
# TO JOHN G. VAN INGEN AND PAUL A. LEVY'S MOTIONS TO INTERVENE

**INTRODUCTION**

This action was commenced five months ago. Plaintiff Douglas R. Caron ("Plaintiff" or "Caron") filed an Amended Complaint two months ago and, as of February 21, 2020, defendants' motions to dismiss have been fully briefed and are *sub judice*.

Nonetheless, by motions docketed earlier this month, two new parties, both proceeding *pro se*, have filed motions to intervene.[1] John G. Van Ingen ("Van Ingen") and Paul A. Levy ("Levy") ask to be added as plaintiffs in this action by permission under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 24(b), arguing that they have claims in common with Caron's. Neither, however, specify exactly what those claims are and neither present any legal arguments supporting their belated motions to intervene. As such, the Court should deny their motions to intervene for failure to satisfy the requirements under Rules 24(b) and (c). More specifically:

- ➢ Van Ingen's and Levy's motions are not accompanied by appropriate pleadings, as required by Rule 24(c). That is, the papers that accompany the motions do not state the grounds for intervention or set forth the claim(s) for which intervention is sought.

- ➢ The motions are untimely under Rule 24(b), as both Van Ingen and Levy had actual notice of Caron's original Complaint as well as the Amended Complaint, both of which are publicly available, but did not move to intervene until nearly

---

[1] Van Ingen's motion to intervene is dated January 20, 2020, and was entered on February 11, 2020 (Dkt. No. 33) (the "Van Ingen Motion"). Levy's motion to intervene is dated February 3, 2020, and was entered on February 18, 2020 (Dkt. No. 35); the "Complaint" accompanying Levy's motion to intervene was also entered on February 18, 2020 (Dkt. No. 34) (together, the "Levy Motion"). All page references to the Levy Motion herein correspond to the PDF pages for Document 34.

five months after the original Complaint was filed and almost two months after the Amended Complaint was filed.

## ARGUMENT

### I. VAN INGEN AND LEVY'S MOTIONS TO INTERVENE SHOULD BE DENIED BECAUSE THEY FAIL TO SATISY THE REQUIREMENTS OF FED. R. CIV. P. 24(c)

Van Ingen and Levy's motions to intervene should both be dismissed for failure to satisfy the requirements of Fed. R. Civ. P. 24(c). Rule 24(c) requires that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." A moving party's failure to comply with these formal requirements alone is "sufficient [reason] to deny the motion." *Erdman Techs. Corp. v. U.S. Sprint Commc'ns Co.*, No. 91-cv-7602 (PKL), 1997 WL 401669, at *2 (S.D.N.Y. July 16, 1997) (citations omitted).

The "Attachment to Motion to Intervene" accompanying Van Ingen's motion falls woefully short of the pleading standard required under Rule 24(c). The Attachment merely contains three sentences, none of which "set[] out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Instead, Van Ingen states that he "hope[s] [his] Complaint may be helpful to [the Court] and [that it will] add something to the ongoing case," and further that he "believe[s] [his] Complaint is similar to Mr. Caron's and basically a common claim that shares the main action and question of law or fact with the ongoing lawsuit." Van Ingen Mtn. at 2. Van Ingen, however, does not specify what claim or claims he has in common with Caron, nor does he detail how his "Complaint" would "add" to the case. It seems the only evidence he can point to in support of his claim is that, like Caron, Van Ingen is "a customer of TD Ameritrade, [] who also bought shares of BCIT." *Id.* In short, Van Ingen's attachment to his motion papers

2

essentially does nothing more than recite Rule 24(b)(1)(B), and clearly does not satisfy Rule 24(b).

Although the papers accompanying Levy's motion to intervene provide more substance than Van Ingen's, Levy, too, fails to satisfy the requirements of Rule 24(c). The papers accompanying Levy's motion to intervene are labeled "Complaint," but constitute a pleading in name only. The approximately nine pages (not counting exhibits) that make up Levy's "Complaint" are nothing more than a purported chronology of events and his personal beliefs, devoid of the essential attributes of an actual pleading. *See* Fed. R. Civ. P. 8(a). Nowhere in Levy's "Complaint" does he set forth any legal claims for which he is seeking intervention as required by Rule 24(c). Nowhere either does he demand relief against the DTCC Defendants or explain how his recitation of a chronology of events or assertion of his personal beliefs could possibly justify any imposition of a remedy against the DTCC Defendants. Indeed, Levy's "Complaint" is, like Caron's, largely directed at TD Ameritrade rather than the DTCC Defendants, and does no more than echo in the ether Caron's claim of "conspiracy" that DTC maintains only one legitimate BCIT share certificate and that the rest are counterfeit. Levy Mtn. at 16-17. And, even if Levy's amorphous allegations with respect to the DTCC Defendants were to be read in conjunction with, or amplified in light of, Caron's allegations (Levy Mtn. at 18), these allegations are now subject to a motion to dismiss *sub judice* before the Court.

Particularly given Van Ingen and Levy's failure to satisfy Rule 24(b)'s standard for permissive intervention, beyond merely citing the statutory standard, the Court should deny their requests to intervene in the pending motion practice that, the DTCC Defendants believe, should result in dismissal of the underlying action.

**II.    VAN INGEN AND LEVY'S MOTIONS TO INTERVENE SHOULD BE DENIED BECAUSE THEY ARE UNTIMELY UNDER FED. R. CIV. P. 24(b)**

Even if the Court were to find that the movants' submissions satisfy the requirements of Fed. R. Civ. P. 24(c), both Van Ingen and Levy's motions to intervene should still be denied as untimely.

Papers filed by *pro se* litigants are "held 'to less stringent standards than formal pleadings drafted by lawyers,'" *Frederick Music Co. v. Sickler*, 124 F.R.D. 553, 554 (S.D.N.Y. 1989) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), and the Second Circuit has instructed that courts are obligated "to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Frederick Music Co.*, 124 F.R.D. at 554 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  Nevertheless, "the appropriate degree of special solicitude is not identical with regard to all *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[T]he degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented.").  The foregoing is particularly apparent with respect to Levy, who has extensive experience litigating the same issues on which he now seeks to intervene here.  In January 2013, he commenced an action against TD Ameritrade in Missouri state court that was transferred to the Western District of Missouri in February 2013, appealed to the Eighth Circuit in April 2014, and, on remand to the district court, eventually referred to arbitration before FINRA in October 2014, where his claim was ultimately denied in September 2016.  Levy Mtn. at 12-15.  Levy then moved to vacate the arbitration award, which was also denied in January 2017.  Levy Mtn. at 15.  In light of Levy's previous litigation history, he should not be afforded

4

the same latitude as other *pro se* litigants, especially where Levy's motion to intervene in the current action merely represents another effort to re-litigate stale and meritless claims.[2]

Moreover, even where a court has applied the "less stringent standard" in addressing a *pro se* party's submissions in connection with a motion to intervene by permission, a court must deny that motion if the court "cannot find any questions of law or fact that [the *pro se* litigant] might have in common with the parties" and "intervention would unduly delay the expedient disposition of th[e] case." *Frederick Music Co.*, 124 F.R.D. at 555. Both Van Ingen and Levy move to intervene as plaintiffs by permission and not as of right.[3] Regardless, "[u]nder both provisions, the 'proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention.'" *Andrews v. Sony/ATV Music Publ'g, LLC*, No. 15-cv-7544 (AJN), 2017 WL 770614, at *9 (S.D.N.Y. Feb. 23, 2017) (quoting *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016)).[4]

---

[2] While not disclosed in his motion papers, it appears that Van Ingen has also at least arbitrated similar claims before FINRA, which were denied in their entirety. *See* Award in the FINRA Arbitration between John Van Ingen and TD Ameritrade, Inc., Case No. 13-02914, dated May 17, 2014, annexed as Exhibit A to the accompanying Declaration of Gregg M. Mashberg, dated February 25, 2020 ("Mashberg Decl."). The DTCC Defendants respectfully request that the Court take judicial notice of this publicly filed document. *See Lobaito v. FINRA*, No. 13-cv-6011 (GBD) (HBP), 2014 WL 4470423, at *3 (S.D.N.Y. Sept. 9, 2014) (taking judicial notice of FINRA proceedings).

It should be noted that, if the intervention motions were granted, both Levy and Van Ingen would, *inter alia*, be collaterally estopped from attempting to re-litigate their otherwise substantively baseless claims against the DTCC Defendants. *See Gunn v. Ambac Assurance Corp.*, No. 11-cv-5497 (PAC) (JLC), 2012 WL 3188849, at *3 (S.D.N.Y. Aug. 6, 2012); *Maidman v. O'Brien*, 473 F. Supp. 25, 29 (S.D.N.Y. 1979).

[3] Although neither Van Ingen nor Levy explicitly state that they are moving to intervene pursuant to Rule 24(b), both individuals state in their motion papers that they are moving pursuant to "permissive intervention." Van Ingen Mtn. at 1; Levy Mtn. at 18. As such, the DTCC Defendants' opposition responds to Van Ingen and Levy's motions to intervene by permission under Rule 24(b) and does not address any arguments, to the extent they exist, for Van Ingen or Levy to intervene as of right under Rule 24(a). Had Van Ingen or Levy stated in their motion papers that they are moving to intervene as of right under Rule 24(a), the DTCC Defendants would also object to such a motion. *See SEC v. Abraaj Inv. Mgmt. Ltd.*, No. 19-cv-3244 (AJN), 2019 WL 6498282, at *1 (S.D.N.Y. Dec. 3, 2019) (granting a party's motion to intervene under Rule 24(a) in part because the defendant did "not articulate any objection to th[e party's] request" to intervene as of right).

[4] When moving to intervene as of right under Rule 24(a), the movant must: "(1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action." *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 197 (2d Cir. 2000). When deciding a motion to intervene by permission under Rule 24(b), "[c]ourts generally

5

The "threshold inquiry is whether the application for intervention is timely." *Andrews*, 2017 WL 770614, at *9. The Second Circuit has established that the following four factors are considered in evaluating timeliness under Rule 24: (1) "the length of time the applicant knew or should have known of his interest before making the motion;" (2) "prejudice to existing parties resulting from the applicant's delay;" (3) "prejudice to applicant if the motion is denied;" and (4) "unusual circumstances militating for or against a finding of timeliness." *Id.* (quoting *United States v. State of N.Y.*, 820 F.2d 554, 557 (2d Cir. 1987)). Nevertheless, a court must determine the timeliness of a motion to intervene against the totality of the circumstances before the court. *Andrews*, 2017 WL 770614, at *9 (quoting *Kamdem-Ouaffo*, 314 F.R.D. at 134)).

Here, Van Ingen and Levy's motions to intervene are both untimely. Each party waited nearly five months after Caron filed the original Complaint in this action before applying to intervene in the case. *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 390 (2d Cir. 2006) (holding that a motion to intervene may be considered untimely, in part, because the "complaint and other filings . . . [were] publicly available for anyone to access"); *see also Andrews*, 2017 WL 770614, at *10 (citing *id.* at 390-91) (stating that "[t]he Court of Appeals has deemed intervention applications following delays of comparable length untimely" where there was a five to six-month delay). Moreover, the Van Ingen and Levy Motions were filed just days before the parties completed briefing their motions to dismiss the action, and this court has, in similar instances, deemed such motions to intervene as untimely. *See Andrews*, 2017 WL 770614, at *9 (denying a motion to intervene as untimely where the movant "waited more than

---

consider 'substantially the same factors [as a] claim for intervention [as of right] under Fed. R. Civ. P. 24(a)(2) . . . .' But a district court has 'considerable discretion' in deciding a motion for permissive intervention." *Penn Mut. Life Ins. Co. v. Kehoe*, No. 15-cv-1111 (AJN), 2016 WL 4540833, at *1 (S.D.N.Y. Aug. 30, 2016) (quoting *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006); *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005)).

6

four months—until after the [Second Amended Complaint] was filed and just days after briefing on the instant motion to dismiss was complete—before applying to intervene"). Neither Van Ingen nor Levy has provided any justification for their respective delay. *See id.* at *10 (denying motion to intervene as untimely in part due to movant's failure to provide a "compelling justification for its delay"). Accordingly, the Van Ingen and Levy Motions should be denied on the grounds that they are untimely under Rule 24.

## CONCLUSION

For the reasons discussed above, the DTCC Defendants respectfully request that the Court deny both the Van Ingen Motion and the Levy Motion.

New York, New York
February 25, 2020

Respectfully submitted,

PROSKAUER ROSE LLP

/s/ *Gregg M. Mashberg*
Gregg M. Mashberg
Zachary W. Klinger
11 Times Square
New York, NY 10036
Telephone: (212) 969-3450
Facsimile: (212) 969-2900
gmashberg@proskauer.com
zklinger@proskauer.com

*Attorneys for Defendants The Depository Trust & Clearing Corporation, The Depository Trust Company, and Cede & Co.*